IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **LOGAN EVAN GRAFF,** . | § | Case No. 11-41734 |
| | § | |
| Debtor | § | Chapter 7 |
| MIDWAY COLLECTIONS, INC., | § | |
| | § | |
| Plaintiff, | §. | |
| | §. | |
| v. | § | Adversary No. 11-4167 |
| | § | |
| LOGAN EVAN GRAFF, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### MEMORANDUM OF DECISION[1] REGARDING
### MOTION FOR SUMMARY JUDGMENT
### FILED BY MIDWAY COLLECTIONS, INC.

ON THIS DATE the Court considered the Motion for Summary Judgment (the

"Motion") filed by the Plaintiff, Midway Collections, Inc., in the above-referenced

adversary proceeding. Plaintiff filed its "Complaint to Determine Dischargeability of

Debt" on September 13, 2011 seeking to have the judgment debt owed by the Debtor-

Defendant, Logan Evan Graff, declared nondischargeable pursuant to, primarily, 11

U.S.C. §523(a)(6) as a debt for "willful and malicious injury by the debtor" and,

alternatively, 11 U.S.C. §523(a)(4) as a debt for "embezzlement, or larceny." *See* 11

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or other evidentiary doctrines applicable to the specific parties in this proceeding.

U.S.C. §523(a).[2]  Upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, and the relevant legal authorities, the Court finds that Plaintiff failed to meet its burden to demonstrate that there is no genuine issue as to any material fact.  The jury findings and resulting judgment from the 219th District Court in Collin County, Texas (the "State Court Judgment) are insufficient for entitlement to judgment as a matter of law regarding the non-dischargeability of Plaintiff's debt.  The State Court Judgment is sufficient, however, to preclude this Court from relitigation of certain facts through the doctrine of collateral estoppel.  Accordingly, Plaintiff's request for judgment as a matter of law must be granted in part and denied in part.

### Factual and Procedural Background

The adversary proceeding at bar arose from a previous course of litigation between the Plaintiff's predecessor-in-interest, Nationwide Recovery Systems, Ltd. ("NRS"), and the Debtor-Defendant, Logan Evan Graff, among others.[3]  In that litigation, which took place in the 219th District Court for Collin County, Texas, NRS filed suit against the Debtor on August 23, 2007 alleging breach of contract, tortious interference, unfair competition, and misappropriation of confidential information.  That case concluded, for all intents and purposes, with the entry of the jury's findings on April 28, 2011 and the

---

[2] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a).  The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(I) and (O).

[3] *Nationwide Recovery Systems, Ltd. v. HHT Limited LLC, Logan Graff, Michael Malone, Jr., and Justin Simcoe*, Cause No. 219-02858-07 in the 219th District Court, Collin County, Texas.

issuance of the State Court Judgment against the Defendant on May 6, 2011. Exactly one month later, on June 6, 2011, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code, after which NRS transferred all rights and interests in the State Court Judgment to Plaintiff Midway Collections, Inc. Plaintiff filed the Complaint forming the basis for this adversary proceeding in September 2011, leading eventually to the summary judgment process the Court addresses today.[4]

## Discussion

*Summary Judgment Standard*

Plaintiff brings its Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), *quoting* FED. R. CIV. P. 56(c).[5] Affidavits alone, however, "cannot preclude summary judgment unless they contain competent and otherwise admissible evidence." *Chambers v. Sears Roebuck and Co.* 428 Fed.Appx. 400, 408 (5th

---

[4] Defendant filed a separate Motion for Summary Judgment on May 18, 2011 (dkt# 9 in this adversary proceeding). That motion will be dealt with separately.

[5] Pursuant to the scheduling order issued in this adversary proceeding, motions for summary judgment are required to comply in format and content with Local District Court Rule CV-56 and such motions shall be decided under the procedures stated therein.

Cir. 2011) (*citing* FED. R. CIV. P. 56(e)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party asserting that a fact cannot be genuinely disputed must support that assertion by:

> (A) citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials do not establish the ... presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c).

The operation of the summary judgment standard depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion is on the moving party, "that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331. Upon a *prima facie* showing of entitlement to judgment as a matter of law, the non-movant may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive

pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson,* 477 U.S. at 248-49 (*citing* FED. R. CIV. P. 56(e)).  If the nonmoving party cannot muster sufficient evidence to demonstrate a genuine issue of material fact, a trial would be useless.  The substantive law will identify which facts are material. *Id.*

In this case, Plaintiff bears the burden to present a *prima facie* case for non-dischargeability under either theory presented, meaning Plaintiffs are entitled to a summary judgment only if there exists no genuine issue of material fact as to each essential element under §523(a)(6), or, in the alternative, §523(a)(4).  The motion for summary judgment under consideration herein seeks judgment as a matter of law through the application of collateral estoppel.  Plaintiff claims that the entry of the State Court Judgment, and the associated jury findings from the 219th Judicial District Court for Collin County, Texas, form the basis for a determination that the underlying judgment debt is non-dischargeable in Debtor's Chapter 7 bankruptcy case.  Resolving this question requires that the Court first determine the applicability of the doctrine itself.  If collateral estoppel applies, any relevant (i.e. related to the required elements for non-dischargeability) factual findings from the State Court Judgment should not be disturbed here.  The Court applies those findings to the required elements for non-dischargeability to ascertain what factual issues, if any, remain.   If collateral estoppel does not apply, Plaintiff's motion must be wholly denied.

*Standards for Issue Preclusion (Collateral Estoppel).*

"Collateral estoppel or, in modern usage, issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Schiro v. Farley*, 510 U.S. 222, 232 (1994), *quoting Ashe v. Swenson*, 397 U.S. 436, 443 (1970); *see also* RESTATEMENT (SECOND) OF JUDGMENTS §27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). "[P]arties may invoke collateral estoppel in certain circumstances to bar relitigation of issues relevant to dischargeability" and satisfy the elements thereof. *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264 (5th Cir. 2005) (quotation marks omitted).

The inquiry into the preclusive effect of a state court judgment is guided by the full faith and credit statute.[6] Accordingly, federal courts look to the principles of issue preclusion utilized by the forum state in which a prior judgment was entered. Because the judgment against this Defendant was entered in a Texas state court, this Court therefore applies the Texas law of issue preclusion. *In re Pancake*, 106 F.3d 1242, 1244 (5th Cir. 1997); *In re Gober*, 100 F.3d 1195 (5th Cir. 1996).

Under Texas law, a party is collaterally estopped from raising an issue when: (1)

---

[6] The full faith and credit statute states that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. §1738 (1994).

the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984), *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 817 (Tex. App.– Dallas 2012, no pet.). Collateral estoppel principles apply under Texas law whether the issue is heard and determined through adjudication by a tribunal or is determined by the agreement of the parties. *Withers v. Republic Nat'l Bank*, 248 S.W.2d 271, 282 (Tex. Civ. App. – Beaumont 1951, writ ref'd n.r.e.); *Price v. Texas Employers' Ins. Assn.*, 782 S.W.2d 938, 941 (Tex. App. – Tyler 1989, no writ).

In the context of issue preclusion, "issue" and "fact" are interchangeable. The purpose of the reviewing court is to determine the specific facts brought that were already established through full and fair litigation. As such, it is the burden of the party claiming issue preclusion to bring forth *specific factual findings* made by a previous court of competent jurisdiction. *Fielder v. King (In re King)*, 103 F.3d 17, 19 (5th Cir. 1997) (emphasis added). In this circuit, issue preclusion will prevent a bankruptcy court from determining dischargeability issues for itself only if "the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question ... and the facts supporting the court's findings are discernible from that court's record." *Id*. (*citing In re Dennis*, 25 F.3d 274, 278 (5th Cir.1994) (citations omitted), cert. denied, 513 U.S.

1081 (1995)).[7] In the event that the state court judgment is conclusory and does not contain detailed facts sufficient as findings to meet the federal test of non-dischargeability, the court may also examine the evidence produced in the state court proceedings to support the judgment and determine whether the record of the state proceedings is sufficient to discern the subsidiary facts supporting the judgment. *Simpson & Co. v. Shuler (In re Shuler)*, 722 F.2d 1253, 1257-58 (5th Cir. 1984); *Sierra Inv. Assoc. v. Tomlin (In re Tomlin)*, 2005 WL 6440629, at *5 (Bankr. N.D. Tex., Dec. 20, 2005) (*citing Dennis*, 25 F.3d at 278). However, it is imperative that the bankruptcy court be able to discern a sufficient factual basis in the state court record to support the conclusions recited in the state court judgment. *Id.*

Unlike many cases invoking the doctrine of collateral estoppel, the record presented by Plaintiff demonstrates clearly that some relevant factual issues were fully and fairly litigated in the previous state court litigation culminating in the State Court Judgment. The jury found that the Debtor committed several intentional torts: intentional interference with a contractual relationship, misappropriation of confidential information, breach of contract, and unfair competition. Based on those findings, the state court determined that NRS was entitled to significant actual damages for each intentional tort found by the jury. The purpose of this Court, then, is to ascertain whether those factual

---

[7] If the moving party cannot provide "specific, subordinate, factual findings," but instead asks for judgment on the entire *claim*, not *specific facts*, then it is improperly requesting claim preclusion, or *res judicata*, not issue preclusion. Such a request would be improper since a bankruptcy court has exclusive jurisdiction over the issue of dischargeability of debts. *Grogan v. Garner*, 498 U.S. 279, 285, n.11, (1991); *King,* 103 F.3d at 19.

findings preclude the re-litigation of any elements of the dischargeability claims brought by the Plaintiff, specifically 11 USC § 523(a)(6) and (a)(4).

*Section 523(a)(6): Debt for "Willful and Malicious Injury"*

Taking the primary allegation first, Plaintiff's Motion for Summary Judgment claims that the jury findings underlying the State Court Judgment for tortious interference with a contract render the resulting damages nondischargeable pursuant to 11 U.S.C. §523(a)(6) as a "willful and malicious injury" to the Plaintiff.[8]  Because of their use in other areas of the law, the words "willful and malicious" in this context are often misunderstood. As the Fifth Circuit explained in *In re Keaty*;

> The Supreme Court, in *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), stated that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." The Fifth Circuit extended *Kawaauhau*'s reasoning in *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998), and stated that "either objective substantial certainty [of injury] or subjective motive [to injure] meets the Supreme Court's definition of 'willful ... injury' in § 523(a)(6)." (third alteration in original). The court in *Miller* went on to define the word "malicious" and specifically rejected that it meant an act without just cause or excuse. *Id*. at 605. Instead, the court defined "malicious" as an act done with the actual intent to cause injury. *Id*. at 606. The court noted that this

---

[8] 11 U.S.C. § 523(a)(6) states that:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt ...
    (6) for willful and malicious injury by the debtor to another entity or to the property of
        another entity.

> definition is synonymous with the definition of "willful" and thus aggregated "willful and malicious" into a unitary concept. Thus, the court held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Id*. at 606; *see also Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 509 (5th Cir. 2003).

*In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005). The practical effect of this reasoning created an even narrower category of intentional conduct satisfying the "willful and malicious" standard. Despite the similarities between the language in 523(a)(6) and that used to describe most intentional torts, the fact that an intentional tort occurred does not necessarily render a debt arising therefrom non-dischargeable as the product of a "willful and malicious injury." *See Williams*, 337 F.3d at 509. In *Miller*, for example, the Fifth Circuit illustrated the distinction by recognizing that, under Texas law, "misappropriation of proprietary information and misuse of trade secrets [we]re wrongful [acts] regardless of whether injury is substantially certain to occur", however, intentional wrongfulness alone does not establish the "injury" required by §523(a)(6). *Miller*, 156 F.3d at 604 ("Misuse of trade secrets is not precisely like stealing funds from a till, because the tortfeasor's gain is not inevitably a loss to the legal owner of the secret.").

In this case, though the jury found that the Debtor intentionally interfered with NRS' contractual relationships, that finding, by itself, is insufficient to constitute a "willful and malicious injury" for purposes of the § 523(a)(6) analysis. The same goes for the jury's findings regarding the Debtor's unfair competition and misappropriation of

confidential information. Thus, the Court must look to "the particularized findings of the jury," in order to determine whether Plaintiff has shown that Defendant's intentional conduct entailed "either an objective substantial certainty of harm or a subjective motive to cause harm." *Miller*, 156 F.3d at 602.

*Substantial Certainty of Harm*

Under Texas law, "[t]he elements of tortious interference with an existing contract are (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the claimant's injury, and (4) caused actual damages or loss." *Anderton v. Cawley*, --- S.W.3d ---, 2012 WL 1606665 *15 (Tex. App.– Dallas, May 8, 2012, no pet.) (*citing Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). "Intentional interference does not require intent to injure, only that the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Sw. Bell Tel. Co. v. John Carlo Tex., Inc.*, 843 S.W.2d 470, 472 (Tex.1992) (quotation marks omitted). "Consequence," in this context, refers to the "interference," not necessarily the injury. *See id*. (noting that "jury did not find that [defendant] desired to interfere with [plaintiff's] contract or believed that interference was substantially certain to result from it" (emphasis added)). The jury charge submitted by Plaintiff as Exhibit A-2 recognizes the distinction; Question 8 asks if the named defendants "intentionally interfere[d] with NRS' contractual relationships" before defining interference as intentional if "committed

-11-

with the desire to interfere with the contract or the belief that interference was substantially certain to result."[9] The question relates to Plaintiff's intent regarding *interference*, not the injury caused by that interference. Questions 13 and 15, which relate to Plaintiff's allegations of unfair competition and misappropriation of confidential information, respectively, contain no references whatsoever to Defendant's specific intent, whether relating to the actions alleged themselves or the injury resulting therefrom.

Here, the jury found that the Debtor intentionally interfered with NRS' contractual relationships and that this interference "proximately caused" damages of $154,608.52."[10] However, the determination that Plaintiff's damages were "proximately caused by the interference" does not establish that the "acts were substantially certain to result in injury" for the purposes of the § 523(a)(6) analysis. *See Miller*, 156 F.3d at 604. "Proximate cause" contemplates a less demanding standard than "substantial certainty," *Id*. The damages questions associated with the allegations of unfair competition and misappropriation of confidential information, 14 and 16, respectively, ask only what damages "resulted from" the attendant conduct.[11] It is impossible to determine from these findings whether the damages awarded were "substantially certain" to occur. As such, Plaintiff has failed to demonstrate entitlement to judgment as a matter of law on the objective prong of the "willful and malicious injury" analysis. Whether the Debtor's

---

[9] Plaintiff's Ex. A-2, Question 8, pg. 15.

[10] Plaintiff's Ex. A-2, Question 11, pg. 18.

[11] Plaintiff's Ex. A-2, Question 14, pg. 21, and Question 16, pg. 24.

actions were at least substantially certain to cause harm to NRS is a genuine issue of material fact that can only be determined through trial on the merits.

*Subjective Motive to Cause Harm*

Similarly, the jury findings presented by Plaintiff do not establish that ""that [the Debtor] had the subjective motive to cause harm." *Id*. at 606. In fact, the jury answered the only question posed to it regarding the existence of malice, defined as "a specific intent by the Defendant to cause substantial harm or injury to NRS", on behalf of the Debtor in the negative.[12] Far from determining that he acted with "the subjective motive to cause harm," the jury found specifically that he did not. Plaintiff is therefore not entitled to judgment as a matter of law on the subjective prong of the §523(a)(6) analysis, either. Plaintiff's Motion must be denied, at least in part, due to the presence of genuine issues of material fact relating to the existence of a "willful and malicious injury" caused by the Debtor's conduct.

*Section 523(a)(4): Debt for "Fraud or Defalcation ... Embezzlement, or Larceny"*

Turning now to the second argument before this Court, Plaintiff's Motion for Summary Judgment alternatively claims that the "judgment for misappropriation of confidential information may also fall under section 523(a)(4)'s embezzlement exemption

---

[12] Plaintiff's Ex. A-2, Question 18, p. 26.

-13-

to discharge."[13] "Embezzlement is defined for the purposes of § 523(a)(4)[14] as the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Miller*, 156 F.3d 598, 602. "To meet the definition of 'embezzlement,' there must be proof of the debtor's fraudulent intent in taking the property." *Id.* at 602-03 (*citing Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1173 (6th Cir. 1996) ("A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud.")), *see also In re Jones*, 445 B.R. 677, 706 n. 106 (Bankr. N.D. Tex. 2011) (requiring intent to defraud on the part of the debtor for a finding of embezzlement under §523(a)(4)).

In this case, the jury found in Question 15 that the Debtor "misappropriated NRS' confidential information" without reference to any fraudulent intent. The jury was not asked in any way to determine the Debtor's scienter during this conduct, and Plaintiff did not provide any other jury findings that bear on the issue. Despite Plaintiff's contentions, the jury's separate finding that the Debtor participated in a conspiracy that damaged NRS is irrelevant to purported fraudulent intent. Neither did the jury in the state court

---

[13] Plaintiff's Motion at 10, ¶ 19.

[14] 11 U.S.C. §523(a)(4) states that:

(a) A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt—
  (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

proceeding decide any such issues since intent was not essential to the judgment before them. Without such a finding– or anything showing that the factfinder considered fraudulent intent at all– there can be no preclusion. Absent preclusion, there can be no summary judgment, since the issue of Debtor's intent in misappropriating NRS' confidential information exists to be decided, and that issue is material to §523(a)(4). Plaintiff's Motion for Summary Judgment under §523(a)(4) is denied.

*Issues Precluded from Re-litigation*

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, to the extent it requests judgment as a matter of law on all counts contained in Plaintiff's Complaint, must be denied. Several genuine issues of material fact relating to the Debtor's fraudulent intent under §523(a)(4) and whether there is evidence of a "willful and malicious injury" under §523(a)(6) exist that this Court is not precluded from re-litigating by the State Court Judgment. The existence of those issues, however, does not mean that the entire lawsuit must be tried again. The jury findings submitted and the State Court Judgment associated therewith are sufficient to determine numerous factual issues relating to the dischargeability of the Plaintiff's debt, including the Debtor's actual wrongful conduct. The jury findings establish that the Debtor "intentionally interfere[d] with NRS' contractual relationships with existing customers," "misappropriated confidential information" and "use[d] it for [his] own benefit or for the detriment of NRS," and "unfairly compete[d] with NRS," along with numerous elemental findings

related to this conduct. These issues, which were fully and fairly litigated in the state court, should not be retried here and the findings disturbed. This Court is precluded, by effect of the State Court Judgment, from reconsideration of these facts pursuant to the doctrine of collateral estoppel.

## Conclusion

Based upon the Court's consideration of the pleadings, the evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein pursuant to 28 U.S.C. § 2361, the Court finds that Plaintiff's Motion for Summary Judgment in the above-referenced adversary proceeding must be granted in part and denied in part. Plaintiff failed to demonstrate entitlement to judgment as a matter of law regarding the non-dischargeability of the judgment debt (or any portion thereof) owed to it by the Debtor through the doctrine of collateral estoppel. Significant genuine issues of material fact remain regarding both asserted claims of non-dischargeability under §§523(a)(4) and (a)(6) that must be determined through a trial on the merits. Summary judgment as to the relief sought by the Complaint must therefore be denied.

Some material factual issues were fully and fairly litigated in the prior state court litigation, and this Court is precluded from re-litigation of those issues. Plaintiff is therefore entitled to a partial summary judgment pursuant to Rule 56(g) on some factual issues. An order consistent with this opinion shall be entered.

Signed on 07/27/2012

-16-

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE